IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGE R. WINKLER, JR.,                    )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )          Case No. 12-CV-2369 CM/JPO
                                           )
RESER'S FINE FOODS, INC.                   )
                                           )
          Defendant.                       )

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Plaintiff George R. Winkler, Jr. and Defendant Reser's Fine Foods, Inc. hereby

agree to the following Stipulated Confidentiality and Protective Order ("Stipulated

Order") governing the production and exchange of confidential information and the

preservation of privileges in connection with this litigation as a result of the expectation

that the allegations and defenses in this action may put at issue confidential

commercial, financial and proprietary information of the parties, including without

limitation the business and operation strategies, personnel records personnel statistics

of the parties and medical records of the Plaintiff. Pursuant to Fed. R. Civ. P. 26(c),

the need to prevent the public revelation of this information is good cause for entry of

a protective order. Accordingly, the Court orders as follows:

1

I. *DEFINITIONS*

As used herein, the terms set forth below shall have the following meaning:

A.     "Action" means the lawsuit captioned above.

B.     "Confidential Information" means information contained in any video tape or

disc, document, writing, paper, tangible thing, discovery response, transcript of

oral testimony or recorded statement of counsel, whether printed or recorded or

reproduced by any other mechanical process, or written or produced by hand,

and the content of any such document, writing, paper, disc, database, thing,

transcript, answer or statement that the Producing Party reasonably believes

contains any trade secret or research, operational information, development,

commercial, business, financial or other information in which a Party has a

recognized interest, as such terms are used in F.R.C.P. 26(c)(1)(G), in

protecting from unrestricted disclosure, which has not otherwise been made

public or independently acquired. Confidential Information may include or be

included in, but is not limited to, documents, papers, manuals, transcripts,

answers to interrogatories and other responses to discovery requests, briefs,

summaries, notes, abstracts, motions, drawings, and any instruments that

compromise, embody, or summarize materials that the parties consider

confidential, exclusive of information in the public

domain.

C.     "Document," whether used in the singular or plural, means any written, graphic,

photographic, or recorded matter, however produced or reproduced, and

whether an original or a copy, of any kind or description, including, but not

2

limited to, discovery responses, court filings, transcripts of oral testimony or recorded statements of counsel.

D.     "Party," whether used in the singular or plural, means an person or entity that is named as a party in this Action.

E.     "Producing Party," whether used in the singular or plural, means any Party who responds to a discovery request or otherwise provides information to another Party or the Court in connection with this Action or which permits recording or copying of Confidential Information by another party.

F.     "Qualified Person," whether used in the singular or plural, means:

(1)    counsel for any Party, and their paralegal, clerical, and secretarial employees engaged in the preparation for and trial of the Action, including in-house counsel;

(2)    independent third parties employed or consulted by any Party and/or its counsel to assist in the preparation for and trial of the Action, such as independent accountants, statisticians, economists, or other technical experts or consultants;

(3)    the Court and its staff;

(4)    state or federal law enforcement officials;

(5)    Parties to this Action;

(6)    potential witnesses at deposition or trial, and the witnesses' counsel, if Confidential Information is reasonably necessary and related to their anticipated testimony and only after compliance with paragraph 111.3 of this Stipulated Order;

(7)    Court reporters, stenographers, videographers or other persons customarily

3

employed to record testimony at any deposition, hearing or trial, or to record the property of an opposing party; and

(8)     any other person who is designated as a qualified Person by agreement of the Producing Party(ies) or by order of the Court.

G.     Receiving Party, whether used in the singular or plural, means any Party who receives information from a Producing Party.

H.     Third Party, whether used in the singular or plural, means any person, association, partnership, corporation, or other entity that is not a Party.


II DESIGNATION OF INFORMATION AS CONFIDENTIAL

A.     To designate a Document as one containing Confidential Information, the Producing Party shall mark the cover and each page with the legend: CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER. In limited circumstances, a Producing Party may mark  Documents with the legend CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY SUBJECT TO PROTECTIVE ORDER. The latter designation may be used for Documents which meet the definition of Confidential Information and which the Producing Party reasonably contends, in good faith, is Confidential Information under this Order. Upon a reasonable request by a Receiving Party for a redacted CONFIDENTIAL version of any document originally designated CONFIDENTIAL RESTRICTED -ATTORNEY EYES ONLY, the Producing Party shall use its best efforts to comply with such reasonable request. Any copies or excerpts made of any Confidential Information or any abstract, summary or memorandum

4

containing the Confidential Information marked  CONFIDENTIAL or as CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY shall include the appropriate markings described  immediately above.  The Parties expressly agree that any photograph, video or other pictorial recording of the interior of any facility of Defendant, other than a reception area, shall be Confidential hereunder.

B.      No waiver. The failure to designate materials as CONFIDENTIAL or as CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY upon production of documents is not a waiver of the right for a Party to later make such a designation regarding a produced  document. Such designation shall be effective from the time it is communicated in writing to other Parties.

C.      In the event a Producing Party elects to produce large volumes of files and records for inspection and copying and a Receiving Party desires to inspect such files and records, all Documents within the produced files and records shall be temporarily treated as CONFIDENTIAL during such inspection. Once items have been identified for copying, however, the Producing Party must individually ascertain and mark documents as CONFIDENTIAL or CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY if they meet the requisite standard for such marking(s).

D.      A Party failure to object to the Producing Party designation of information as CONFIDENTIAL or CONFIDENTIAL RESTRICTED -ATTORNEY EYES ONLY pursuant to this Stipulated Order shall not be construed as an admission that the information is, in fact, a trade secret or is otherwise confidential or

proprietary. The Parties further stipulate that a Party failure to object to such designation shall not be admissible evidence for any purpose in this Action.

III.    DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

A.    CONFIDENTIAL material and CONFIDENTIAL RESTRICTED ATTORNEY EYES ONLY material shall be used by the Parties to this case solely for the purpose of conducting this case, and not for any other purpose whatsoever.

B.    Information designated as CONFIDENTIAL may be disclosed only to Qualified Persons as defined in Paragraphs I.F(1) through I.F (8).

C.    Information designated as CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY may be disclosed only to Qualified Persons as defined in Paragraphs I.F(1), I.F(2), I.F(3), I.F(4), I.F(7) or I.F(8).

D.    Deposition testimony containing or reflecting CONFIDENTIAL and/or CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY information is to be governed by the terms of this Stipulated Order. All deposition testimony shall be temporarily deemed CONFIDENTIAL for a period of 30 days after receipt of the final version of the transcript. No later than the end of that 30 day period, the Parties shall designate those portions (by page and line number), if any, of the deposition that are CONFIDENTIAL or  CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY. If no such designation is received within thirty (30) days,  the transcript will be free from its  temporary designation as CONFIDENTIAL.

E.    Objection to designations of "CONFIDENTIAL" documents.

1.    A Receiving Party shall be obligated to challenge the propriety of a designation of confidentiality or privilege. A Receiving Party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2.    Any objection to a designation of CONFIDENTIAL documents shall be made in writing to counsel for all Parties. Upon receipt of such  objection, the interested Parties shall confer in an effort to resolve the objection.

3.    If the Parties are unable, after conferring in good faith, to resolve the disputed designation, and either Party declares an impasse in writing, the Party objecting to the designation shall have thirty (30) days from the declaration of impasse to file a motion with the Court. The burden of proof and persuasion shall be on the Producing Party to demonstrate to the Court that the documents, information or testimony disclosed should be treated as CONFIDENTIAL. Until the Court rules on such a motion, the document shall be temporarily treated as CONFIDENTIAL pursuant to this Stipulated Order. The 30-day period shall run from notice in writing, with reference to Paragraph III.E of the Stipulated Order, by either Party that the disputed designation cannot be resolved without Court intervention.

F.     Objection to designation of "CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY" documents.

1.    A Receiving Party shall be obligated to initially challenge the propriety of a designation of confidentiality or privilege. A Receiving Party shall not be obligated to challenge the propriety of a CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY designation at the time made, and a failure to do so

7

shall not preclude a subsequent challenge thereto.

2.      Any objection to a designation of CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY document shall be made in writing to counsel for all Parties. Upon receipt of such objection, the interested Parties shall confer in an effort to resolve the objection.

3.      If the Parties are unable, after conferring in good faith, to resolve the disputed designation, and either Party declares an impasse in writing, the Producing Party shall have thirty (30) days from the declaration of impasse to file a motion with the Court to seek a protective order which confirms its original designation ("Motion for Protective Order"). The burden of proof and persuasion shall be on the Producing Party to demonstrate to the Court that the documents, information or testimony disclosed should be treated as CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY. Until the Court rules on such a motion, the document shall be temporarily treated as CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY pursuant to this Stipulated Order. The 30-day period shall run from notice in writing, with reference to Paragraph III.F of the Stipulated Order, by either Party that the disputed designation cannot be resolved without Court intervention. Any failure by the Producing Party to file a timely Motion to Confirm after an impasse is declared shall automatically result in the reclassification of the challenged documents to CONFIDENTIAL.

G.      In the event any Third Party disagrees with the designation of any information as "CONFIDENTIAL" or "CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY," the Third Party and the Parties shall first try to resolve such dispute in

good faith on an informal basis. If the dispute cannot be resolved informally, the Third Party opposing the designation- may apply for appropriate relief from this Court, which will be permitted to conduct an in camera inspection of the challenged materials. The Producing Party making the designation shall have the burden of establishing that the information is entitled to the designation made. The Confidential Information that is the subject of such a challenge shall be treated in accordance with its designation pending resolution of any motion by the Court.

H.    Any Party seeking to file a document under seal in this Court which Document contains Confidential Information, including any affidavits, briefs, memorandum of law, exhibits or other papers must follow the procedures set forth in D. Kan. R. 5.4.6.

I.    Before any Qualified Person as defined in Paragraphs I.F(2), I.F(5), I.F(6) and I.F(8) is allowed to view any document or information produced pursuant to this Stipulated Order, counsel shall provide a copy of this Stipulated Order to, and obtain a signed copy of the attached Nondisclosure Agreement from each such person. See Exhibit "A."

J.    Nothing in this Stipulated Order is intended to restrict the use of material designated as "CONFIDENTIAL" or "CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY" at a hearing or trial in this matter. At trial, Confidential Information may be used in accordance with the Rules of Evidence, but the parties shall exercise all reasonable care not to disclose needlessly such Confidential Information in the public record. Prior to introducing any

9

Confidential Information into evidence, the proponent shall confer with the

Producing Party and seek to enter a stipulation governing such use. The

Producing Party may seek further protection regarding the use of such material

at a hearing or trial in any pre-hearing or pre-trial order or through a motion in

limine or any other appropriate motion.


IV. OTHER PROVISIONS

A.      The Parties and counsel for each Party agree to abide by and be bound by this

        Stipulated Order provisions and to use due care to see that its provisions are

        known and adhered to by those under their supervision or control and have

        agreed to abide by and be bound by this Stipulated Order even before it is

        entered by the Court.

B.      Within sixty (60) days of the final disposition of this litigation, whether by

        dismissal, settlement, or judgment, and including all  appeals, and solely upon

        written request from the Producing Party, a Receiving Party shall either destroy

        or return to the Party from which the Documents were obtained (or the

        designating party if the documents were obtained from a non-party) all

        Documents designated as "CONFIDENTIAL" or "CONFIDENTIAL

        RESTRICTED -- ATTORNEY EYES ONLY" provided by or obtained from any

        other Party in the litigation, together with all copies, extracts, or summaries

        thereof, except as expressly permitted herein.  Outside counsel for any Party

        may, however, retain one (1) archival copy of any pleadings (including

        attachments or exhibits  thereto), expert reports (including schedules or

10

attachments to reports prepared by the expert), deposition, hearing or trial transcripts, and extracts, or summaries thereof, and any notes or other records regarding such Confidential Information. All other copies of Documents designated as "CONFIDENTIAL" or "CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY" shall either be destroyed by the Receiving Party or returned to the Producing Party. Without a motion by any Party or an Order by this Court, each Party who receives such a written request shall ensure that this provision is complied with and shall notify each of the other Parties in writing that all such materials were returned or destroyed in compliance with this Stipulated Order. The restrictions on disclosure and use of CONFIDENTIAL or CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY Documents shall continue to apply to any archival copies retained by outside counsel.

C.     Nothing in this Stipulated Order shall be construed to entitle any Party to obtain any document, thing, or information from any  other Party or Third Party or to preclude any Party from obtaining any document, thing, or information from any Party or Third Party.  Nothing in this Stipulated Order shall be construed to prohibit any Party from using any of its own documents in any manner it chooses. Production, receipt or designation of information as "CONFIDENTIAL" or "CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY" shall not be construed as a concession by any Party that such information is relevant or material to any issue in this case.

D.     The Parties agreement to this Stipulated Order does not constitute a waiver of any claim of attorney-client privilege or attorney work-product protection that

might exist with respect to those Documents produced or any other documents
or communications, written or oral, including, without limitation, other
communications referred to in any documents that may be produced. In  the
event that a Producing Party inadvertently produces a Document or thing after
this Stipulated Order is executed by the Parties  that otherwise is not
discoverable under any applicable privilege or doctrine (including but not limited
to the attorney-client privilege or work product immunity), such inadvertent
production shall not constitute any waiver of attorney-client privilege or work
product immunity or other privilege. All copies of such inadvertently produced
Documents and things shall be returned by the Receiving Party to the Producing
Party within ten (10) calendar days of receiving a written notice that such
Document has been inadvertently  produced, unless a motion challenging the
assertion of the privilege is filed by the Receiving Party during that period.
During the  pendency of such motion, the materials shall be treated as
CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY and shall not be
used for any other purpose pending resolution by the Court.

E.     In the event that a Party receives any subpoena or process pertaining to any
       documents or information designated by any other Party as "CONFIDENTIAL"or
       "CONFIDENTIAL RESTRICTED -- ATTORNEY EYES ONLY," that Party will
       immediately notify counsel for the other Parties. No Party receiving such a
       subpoena or process shall furnish copies of any designated materials to, or
       permit inspection thereof by, the Third Party seeking the designated materials
       by subpoena or process, except pursuant to the consent of the Producing

Party(ies) or an order of a Court of competent jurisdiction, unless such Third

Party is a Qualified Person as defined in Paragraph I.F(4).

F.      Any Producing Party shall be entitled to seek all remedies existing under law

and equity (including sanctions by the Court) in the event of any unauthorized

disclosure of Confidential Information or any other breach of this Stipulated

Order by either a Receiving Party or any person to whom a Receiving Party has

disclosed Confidential Information in violation of this Stipulated Order.

G.      The procedures established by this Stipulated Order are intended to be

cumulative and in addition to any Party right to seek further or different

protection from the Court regarding the issues addressed herein. This Stipulated

Order is without prejudiced to the right of any Party to apply to the Court at any

time for modification or exception to this Stipulated Order.


IT IS THEREFORE ORDERED that the above STIPULATED CONFIDENTIALITY AND

PROTECTIVE ORDER is hereby entered this 4th day of September 2012, at Kansas

City, Kansas.


                                         s/ James P. O'Hara_____
                                        James P. O'Hara
                                        United States Magistrate Judge


STIPULATED TO:


*s/ Derek L. Brown*_____
Alan V. Johnson
Derek L. Brown
Sloan Eisenbarth Glassman et alia

13

534 S. Kansas Avenue, Suite 1000
Topeka, Kansas  66603-3456
Attorneys for Plaintiff

*s/ Arthur E. Palmer*
Arthur E. Palmer # 05949
Goodell Stratton Edmonds & Palmer LLP
515 S. Kansas Avenue
Topeka, Kansas 66603
785/233-0593
785/233-8870 (fax)
Attorneys for Defendant

14

*EXHIBIT "A"*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGE R. WINKLER, JR.,    )
                )
      Plaintiff,        )
                )
v.                   )     Case No. 12-CV-2369 CM/JPO
                )
RESER'S FINE FOODS,      )
                )
      Defendant.     )

### NONDISCLOSURE AGREEMENT

I, _____ hereby acknowledge that:

1.    I have read the Stipulated Confidentiality and Protective Order, dated

_____, 2012, entered in the action captioned above, understand the

terms thereof, and agree to be bound by such terms.

2.    I will make only such copies or notes as are required to enable me to render

assistance in connection with this action;

3.    I will not disclose Confidential Information to any person not expressly entitled to

receive it under the terms of the Stipulated  Confidentiality and  Protective Order;

4.    I will not use  Confidential Information material for any purpose other than that

authorized by the Stipulated Confidentiality and  Protective Order; and

5.     I agree to submit to the jurisdiction of the Court for the sole purpose of having the

terms of the Stipulated Confidentiality and  Protective Order enforced.

Dated:_____

_____
Printed Name: